| July Term, | Fowler *et al.* *vs.* Kelly's heirs *et al.* | 1868. |

# Wheeling.

*Absent, HARRISON, J.

## JOHN FOWLER *et al. vs.* THOMAS R. KELLY'S HEIRS *et al.*

### July Term, 1868.

A bill in equity will lie for the enforcement of a demand sounding in damages for the breach of contract by the testator, to be satisfied out of his real estate in the hands of his heir or devisee, in default of the personalty to discharge the same. Code 1860, chap. 131, sec. 6.

It is unnecessary to give any other statement of this cause than what is made in the opinion of the president. The grounds on which the court below predicated its decree are pointed out by the opinion here, and are determined to be substantial.

*James Hervey* for appellants.
*G. W. Caldwell* for appellees.

BROWN, President. This was a bill filed in the circuit court of Hancock county, by the appellants Fowler and Douglass, under the Statute, Code, chap. 131, sec. 6, to recover damages for the breach of a contract made with them by Thomas R. Kelly and William T. Kelly.

The bill alleges that the said William T. was an infant of whom the said Thomas R. was guardian; that the said infant owned an interest in a certain tract of land which he and his guardian sold to the appellants, and gave their title bond for the same, covenanting that the said infant should, on arriving at majority, convey the same to the purchasers.

* See page 1.

That when the infant attained majority he avoided the sale, and plaintiff had to purchase of him at an advance of 600 dollars. The prayer of the bill is that the orators have a decree against the executrix, estate and heirs at law of said Thomas R. Kelly, deceased, for 600 dollars, &c.

The bill is glaringly defective; but there is no demurrer to the bill. The executrix answered the bill. The infant defendants answer by guardian *ad litem*, and the bill was taken for confessed as to the defendant William T. Kelly. No will is exhibited in the cause.

The court on the hearing directed an account of rents, interest and taxes, and disallowed the other matters prayed for in the bill.

The first question arising in this cause is, whether a bill for damages for breach of contract against decedents's estate in the hands of heirs or devisees can be maintained.

Under the provisions of the Statute, Code of 1860, chap. 131, sec. 6, there can be no doubt that the relief contemplated would apply to the case here, and that a bill in equity will lie for the enforcement of the demrand sounding in damages for the breach of contract by the testator, to be satisfied out of his real estate in the hands of the heir or devisee, in default of the personalty to discharge the same.

But upon the bill in this case the devisees are not made parties if the estate devised is sought to be charged. No assets descended in the hands of the heirs is alleged to exist in respect of which they are to be held liable. No deficiency of the personal estate is alleged either in whole or in part, and no account asked for the settlement of the executorial account to ascertain if there are any assets in the hands of the executrix to be administered.

And though it appears that the complainants have a claim against the estate of the testator, if there be any, and against somebody, but it does not appear who, yet upon the bill as it stands no decree could be rendered, as prayed for, and the court in rendering a decree disallowing the matters prayed for, as it did, committed no error of which the complainants could complain.

I think, therefore, that the decree of the court below should be affirmed, with damages and costs to the appellees, but without prejudice to the appellants to file an amended bill as they may be advised, setting forth the facts necessary to enable the court to grant the relief to which they may, perhaps, be entitled.

Judge Maxwell concurred.

DECREE AFFIRMED.